IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| DEMETRIA GARVIN; MARGARET NICOLE EDWARDS; and TAKEYRA MCCLAIN, | |
| Plaintiffs, | CIVIL ACTION NO.: 4:23-cv-337 |
| v. | |
| EFFINGHAM COUNTY SCHOOL DISTRICT; and YANCY FORD, in his Individual and Official Capacity, | |
| Defendants. | |

**O R D E R**

Before the Court is Plaintiffs' "Notice of Voluntary Dismissal,"[1] (docs. 15, 16, 17), which the Court has construed as a request for a Court order granting voluntary dismissal, (see doc. 18). Defendants have filed a Response in opposition to dismissal insofar as it would be without prejudice. (Doc. 19.) The Court **GRANTS** the Plaintiffs' Motion for the following reasons.

Pursuant to Federal Rule of Civil Procedure 41(a)(2), after a defendant has filed an answer or motion for summary judgment, this Court has the discretion to grant a plaintiff's request to voluntarily dismiss her complaint. In exercising such discretion, the Court must consider the interests of the defendants and whether the defendants will suffer "clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result" of the voluntary dismissal. Pontenberg v. Boston Sci. Corp., 252 F.3d 1253, 1255 (11th Cir. 2001) (emphasis in original) (quoting McCants

---

[1] For some reason that is unclear to the Court, Plaintiffs filed the exact same document—which states on its face that it is filed by all three Plaintiffs—on the docket three times, as three separate entries. (See docs. 15, 16, 17.) The Court **DIRECTS** the Clerk of Court to **TERMINATE** the second and third filings of this document, (docs. 16, 17), as duplicative and thus moot.

v. Ford Motor Co., 781 F.2d 855, 857 (11th Cir. 1986)).  District courts "must 'weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate.'"  Id. at 1256 (quoting McCants, 781 F.2d at 857).

Defendants filed an Answer after being served with the Complaint, (doc. 8), and later filed a Motion for Judgment on the Pleadings, (doc. 13).  Plaintiffs filed their notice attempting to dismiss their action fourteen days after Defendants' Motion for Judgment on the Pleadings was filed.  In their filing, Plaintiffs state that they wish to dismiss their claims "without prejudice with leave to refile."  (Doc. 15.)

In their Response in opposition, Defendants complain that, "[s]ince [filing their complaint], Plaintiffs have done nothing whatsoever to advance their claims," as they "have not endeavored to engage in Rule 26 proceedings to set a scheduling order," nor have they "served a single Rule 26 disclosure" or "attempted to commence discovery in any form."  (Doc. 19, p. 1.)  Defendants emphasize that they, on the other hand, "have incurred significant legal fees in the defense of the Plaintiffs' claims."  (Id. at p. 2.)  Specifically, they have expended resources on "researching/investigating the facts for responding to the Complaint, [] filing the Answer, determining and reviewing early available defenses and asserting them by filing the Motion for Judgment on the pleadings," and by "preparing for and submitting th[eir Response in] opposition" to Plaintiffs' request dismissal.  (Id.)

Additionally, Defendants emphasize their belief—as they argued in their Motion for Judgment on the Pleadings—that Plaintiffs have not presented viable claims.  They also claim that Plaintiffs' Title VII claims "would be subject to dismissal upon any refiling as they will have been filed more than 90 days after the issuance of a right-to-sue."  (Id.)  Finally, they attempt to raise

2

suspicion about the timing of Plaintiffs' attempted dismissal: "the notices were filed on the day the response to the Motion for Judgment on the Pleadings [was] due, [so] it very much appears that the reason is to avoid having to defend against dismissal and, because of that, receive an automatic reprieve."  (Id. at p. 3 ("[T]his Court should not countenance such a cavalier effort[] to file and then dismiss when their pleading is challenged.")

None of these arguments, however, constitute the requisite "clear legal prejudice" as described in McCants and Pontenberg.  In fact, Defendants have offered essentially the same arguments regarding prejudice and general bad faith that were rejected by the Eleventh Circuit in Pontenberg.  See Pontenberg, 252 F.3d at 1256 ("Neither the fact that the litigation has proceeded to the summary judgment stage [and defendant has filed a motion for summary judgment] nor the fact that the plaintiff's attorney has been negligent in prosecuting the case, alone or together, conclusively or per se establishes plain legal prejudice requiring the denial of a motion to dismiss.").  Indeed, the arguments against dismissal here are weaker than in Pontenberg, which was at the summary judgment stage when dismissal was permitted by the Court.  Here, as Defendants themselves have emphasized, no discovery has been undertaken, and the case has been stayed since shortly after Defendants filed their Motion for Judgment on the Pleadings.  While the Court understands and accepts that Defendants have expended resources on investigating the allegations prior to filing an answer and that they have also incurred fees from drafting and filing the dispositive motion, the Court cannot overlook that the fact that, if Plaintiffs refile their claims against Defendants, the majority of Defendants' work in this case will *not* have been for naught as it could easily be utilized in answering and defending against the refiled lawsuit.[2]  In sum, the Court finds no basis for denying Plaintiffs' request to dismiss this case without prejudice.

---

[2] On the other hand, if Plaintiffs do not refile their action, then Defendants will have achieved their desired result: they will not have to do any more work on the case.

In their Response, Defendants requested that, in the event the Court permits dismissal without prejudice, the Court also order Plaintiffs to "pay fees incurred by Defendants in defending against Plaintiffs' claims through the Rule 12 stage in this case, including fees for [their Response in] opposition," prior to the refiling of any of the claims asserted in this action. (Doc. 19, p. 4.) Pursuant to Federal Rule of Civil Procedure 41(d), "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied." Consistent with this Rule, the Eleventh Circuit Court of Appeals has repeatedly upheld the imposition of such a condition in the order granting a plaintiff's request for voluntary dismissal. See Versa Prods., Inc. v. Home Depot, USA, Inc., 387 F.3d 1325, 1328 (11th Cir. 2004) (upholding district court's imposition, in allowing dismissal without prejudice, of condition that plaintiff, upon refiling the case, pay the fees and costs incurred by defendant in defending dismissed action, as such condition was designed to protect defendant from unfairness and did not constitute legal prejudice to plaintiff); see also Pontenberg, 252 F.3d at 1258 (no abuse of discretion in granting voluntary dismissal on condition of paying costs of defendant upon refiling). Plaintiffs have not filed a reply to Defendants' Response in opposition; as such, they have offered no argument in opposition to Defendants' request. The Court finds that, should this case be refiled, Plaintiff should be required to pay part of the costs expended by Defendants in this action. While much of the time and effort expended by Defendants (i.e., in investigating the claims and drafting an answer and a dispositive motion) would be useful to Defendants in any refiled action, if the Plaintiffs choose to refile this case, Defendants should be reimbursed for the fees and costs they incurred in briefing the issue of whether Plaintiffs should be permitted to voluntarily dismiss the case.

Accordingly, the Court **LIFTS** the stay currently in place, (doc. 18), **GRANTS** Plaintiffs' construed Motion to Dismiss, (doc. 15), and **DISMISSES** this case **WITHOUT PREJUDICE**, subject to the condition that, if all or any of the Plaintiffs refile this lawsuit, costs and fees expended by Defendants in briefing the propriety of dismissal without prejudice should be assessed against the refiling Plaintiff(s).  The Court **DENIES** Defendants' Motion for Judgment on the Pleadings, (doc. 13), as **MOOT**.  The Clerk of Court is directed to **CLOSE** this case.

**SO ORDERED**, this 7th day of October, 2024.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA